IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY WAYNE ATKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1673-B-BN |
| | § | |
| JUDGE KELI AIKEN, | § | |
| | § | |
| Defendants. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeremy Wayne Atkins filed a *pro se* motion for a temporary restraining order and preliminary injunction against a state district court judge to enjoin criminal proceedings against him using the Court's emergency email. *See* Dkt. No. 1. Three days later, he filed a complaint, *see* Dkt. No. 6, which was construed as an amended complaint as the initial motion filed without a complaint had been construed as his original complaint.

United States District Judge Jane J. Boyle referred this lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned entered findings of fact, conclusions of law, and recommendation ("FCR") regarding the motion for injunctive relief and construed original complaint on July 2, 2025. Given the filing of Atkins's amended complaint, the undersigned WITHDRAWS the original FCR. And the undersigned enters these amended findings of fact, conclusions of law, and recommendation that the Court

should deny the request for injunctive relief and dismiss this lawsuit.

## Legal Standards

A district court is required to screen a civil complaint filed IFP (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while

the period for filing objections affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

And, if the party invoking federal jurisdiction fails to establish it, the lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

As to dismissal for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and

- 4 -

directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

For a request for a temporary restraining order and preliminary injunctive relief, such an injunction is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted). As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

"To be entitled to a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted). The United States Court of Appeals for the Fifth

Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

## Analysis

I.   The Court should dismiss Atkins's amended complaint.

Atkins's amended complaint asserts claims against three state judges, two prosecutors, his ex-wife, her adult son, her boyfriend, and two attorneys representing his ex-wife in their divorce and another lawsuit. *See* Dkt. No. 6. It asserts claims under 42 U.S.C. §§ 1983, 1985, and 1986.

As always, the Court must first consider its jurisdiction. *See Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

"Absent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 374, 276 (5th Cir. 2020)).

That is, "'[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by statute, and § 1983," for example, "does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (quoting *Moore*

*v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014), then citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)).

There is a "narrow exception ... that allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)). But, insofar as Atkins seeks injunctive relief against the judges in their official capacities, this exception does not permit injunctions against state courts or their employees because "'an injunction against a state court' or its 'machinery' 'would be a violation of the whole scheme of our Government.'" *Id.* (quoting *Ex Parte Young*, 209 U.S. at 163).

And, as to Atkins's other claims for relief against the state judges, Atkins alleges no facts that could overcome judicial immunity.

"[A] judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). "Judicial immunity is an immunity from suit, not just the ultimate assessment of damages." *Id.* (citing *Mireles*, 502 U.S. at 11 (citing, in turn, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))).

> There are only two circumstances under which judicial immunity may be overcome. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.*

*Id.*; *see also Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) ("Court [employees] 'have absolute immunity from actions for damages arising from acts they are specifically

required to do under court order or at a judge's discretion.'" (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981))).

The amended complaint does not plausibly allege any circumstance overcoming judicial immunity. The only specific allegations relating to the judicial defendants is that they would not let him participate in hearings by Zoom even though he had an active felony warrant in Texas. But there is no constitutional requirement that any court allow remote participation or protect individuals from a felony warrant.

So the claims against Judges Keli Aiken, Joel Littlefield, and Brett Hall are barred by judicial immunity and should be dismissed.

Similarly, a prosecutor is entitled to absolute immunity "for actions 'initiating a prosecution and … presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" *Esteves v. Brock*, 106 F.3d 674 (5th Cir. 1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). This immunity "shelters prosecutors even when they act 'maliciously, wantonly or negligently.'" *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (quoting *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)).

Although a prosecutor is entitled only to qualified immunity for certain administrative activities, *see Van de Camp v. Goldstein*, 555 U.S. 335, 343 (2009), there are no specific allegations in the amended complaint against ADA McVaney, only conclusory allegations and group pleading.

And as to ACA Dooley, the only specific allegation relates to negotiations for

an agreed protective order. *See* Dkt. No. 6 at 2. These allegations do not overcome prosecutorial immunity. *See, e.g.*, *Meager v. Wages*, No. 6:22-cv-172, 2022 WL 17731829, at *3 (E.D. Tex. Oct. 4, 2022), *rec. accepted*, 2023 WL 3724769 (E.D. Tex. May 30, 2023) (claims relating solely to participation in issuance of protective order do not overcome prosecutorial immunity); *Jones v. Juarez*, No. EP-08-CA-209-PRM, 2008 WL 4083144, at *1 (W.D. Tex. Aug. 29, 2008) (approving magistrate recommendation and applying prosecutorial immunity for Assistant County Attorney related to issuance of protective order).

So the claims against ADA Katie McVaney and ACA William Dooley are barred by prosecutorial immunity.

With respect to the claims against the remaining defendants, they are all private individuals. "Private individuals generally are not considered to act under color of law, *i.e.*, are not considered state actors, and 'private misuse of a state statute does not describe conduct that can be attributed to the State.'" *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941, (1982). But "a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52.

And "[i]t is well-established that a private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority." *Moody v. Farrell*, 868 F.3d 348, 353 (5th Cir. 2017) (cleaned up). So, for

example, filing a police report or criminal complaint are not sufficient, but instead, "[t]he plaintiff must further 'show that the police in effecting the arrest acted in accordance with a "preconceived plan" to arrest a person merely because he was designated for arrest by the private party, without independent investigation.'" *Id.* (quoting *Sims v. Jefferson Downs Racing Ass'n*, 778 F.2d 1068, 1079 (5th Cir. 1985)).

"Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir.1987) (footnote omitted); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 389–90 (5th Cir. 2017) ("Mere conclusory allegations are insufficient to state a claim under § 1985 and ... plaintiffs must plead the operative facts upon which their claim is based." (cleaned up)). And "a valid § 1985 claim is a prerequisite to a § 1986 claim …." *Dunsmore v. Kenyon*, No. 21-10496, 2022 WL 715490, at *1 (5th Cir. Mar. 9, 2022) (per curiam).

Atkins does not meet the standards to allege conspiracy or to otherwise allege that the state actors were simply following the directions of a private party. The claims primarily rely on conclusory allegations and group pleading, and the specific allegations relate to private dealings of his ex-wife and her son and boyfriend. *See* Dkt. No. 6 at 3.

These allegations do not state a claim against private individuals for violation of Sections 1983, 1985, or 1986. So the claims against Hoa Minh Nguyen, An Duy Lenguyen, Nathan William Gregory, Wilson Vu, and Phan Nguyen should be

dismissed with prejudice for failure to state a claim.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when a plaintiff has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Atkins's amended complaint fails to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given another opportunity, Atkins could allege viable legal claims. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

But the opportunity to file objections to these findings, conclusions, and recommendation (as further explained below) allows Atkins another opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

II.  <u>The Court should deny all injunctive relief.</u>

For all the reasons stated above, Atkins also has not shown a substantial likelihood of success on his claims, so the Court should deny his motions for a temporary restraining order and preliminary injunction. *See Bluefield Water Ass'n*,

577 at 252-53.

But even if the amended complaint were not dismissed, injunctive relief should not be granted in this case. It is clear from Atkins's motion that criminal proceedings in the state court are ongoing, which implicates abstention under *Younger v. Harris*, 401 U.S. 37 (1971). *See Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Mitchum v. Foster*, 407 U.S. 225, 243 (1972); citing *Younger*, 401 U.S. at 43-47) (42 U.S.C. § 1983 provides for a cause of action where it is alleged that a state actor violated the Constitution but "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'").

*Younger* abstention "applies only to three exceptional categories of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and pending civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (cleaned up). The proceedings at issue here clearly meet this requirement. *See generally* Dkt. No. 3.

The doctrine requires that federal courts decline to exercise jurisdiction where three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (cleaned up); *accord Middlesex Cnty. Ethics Comm.*

*v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

All prerequisites for abstention under *Younger* are met here. There is an ongoing state judicial criminal proceeding. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dall.*, 970 F.2d 82, 85 (5th Cir. 1992) (explaining that, "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff" (citing *Younger*, 401 U.S. at 41)).

And Atkins has full opportunity to raise constitutional challenges in the ongoing state prosecution, on direct appeal in the event of a conviction, or through a state habeas writ challenging his detention or conviction. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy."); *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"); *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Gates*, 885 F.3d at 880 ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (citing *Moore*, 442 U.S. at 425)).

In his objection to the original FCR, Atkins asserts that he does not have an adequate opportunity to raise his federal constitutional claims because he is not

- 13 -

allowed to participate in hearings remotely in order to avoid a pending warrant. *See* Dkt. No. 11 at 2. As discussed above, there is no constitutional requirement that courts allow remote access and no constitutional protections for individuals trying to avoid a felony warrant. Atkins has not shown that he does not have the opportunity to raise his federal claims, only that he chooses not to appear in order to avoid a warrant.

While all three conditions of *Younger* are met in this matter, this Court may refuse to abstain if an exception applies. "Specifically, courts may disregard the *Younger* doctrine when: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (citing *Younger*, 401 U.S. at 49; *Trainor v. Hernandez*, 431 U.S. 434, 446 (1977); *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir.1984)).

In his objections to the original FCR, Atkins asserts that the state court proceedings were brought in bad faith, again citing his inability to appear remotely because of the active felony warrant and that ACA Dooley has opposed his attempts to fight the family violence protective order. *See* Dkt. No. 11 at 1, 5. These allegations do not meet the requirement to show that the state court proceeding that Atkins seeks to enjoin was brought in bad faith or for the purpose of harassing him.

Atkins also attempts to add new allegations and claims in the objections to the original FCR relating to ADA McVaney's refusal to negotiate a plea with him directly unless he waived his right to counsel and conclusory claims about interference with property rights under 42 U.S.C. § 1982 and violations of federal criminal laws and the Federal Declaratory Judgment Act. *See* Dkt. No. 11 at 4, 6. But new claims raised in the objections to a magistrate judge's report should not be considered. *See Omran v. Prator*, 674 Fed. App'x 353, 355 (5th Cir. 2016) (per curiam).

And, even if the objections were liberally construed as a motion to amend, the motion should be denied as futile. *See Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) ("If the [pleading], as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022))). Atkins attaches an email from ADA McVaney that is the basis for his claim against her under the Sixth and First Amendments. *See* Dkt. No. 11 at 4; Dkt. No. 11-1. The email merely sets out ADA McVaney's ethical obligation not to speak to an individual represented by counsel without their lawyer present. *See* Dkt. No. 11-1.

As to the other claims, the claim about interference with property rights is conclusory at best. "To state a claim under [28 U.S.C. §] 1982, a plaintiff must allege facts from which the court can reasonably infer that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the

statute." *Jones v. Windtree Homeowners Ass'n, Inc.*, No. 3:25-CV-1417-L-BN, 2025 WL 1642401, at *4 (N.D. Tex. June 10, 2025). Atkins has made no such allegations here.

As for the federal criminal statutes, 18 U.S.C. §§ "241 and 242 are criminal statutes that 'do not provide for a private right of action.'" *Chaney v. Races & Aces*, 590 F. App'x 327, 330 (5th Cir. 2014) (per curiam) (quoting *Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993)). And the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, is only a procedural vehicle and does not create any substantive cause of action. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-40 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir. 1984).

And, even if leave to amend were granted, none of these allegations show that the ongoing criminal proceedings were brought in bad faith or to harass Atkins as required to refuse to abstain under *Younger*.

Atkins also alleges for the first time that the statute under which he is being prosecuted – Section 42.027 of the Texas Penal Code – is unconstitutional. Again, new claims cannot be raised in objections to a magistrate judge's report. *See Omran*, 674 Fed. App'x at 355.

But, again, even if the Court were to liberally construe the objections as a motion for leave to amend, it should also be denied as futile. Texas courts considering the constitutionality of the Section 42.027 of the Texas Penal Code and the harassment statute incorporated into it –- Section 42.07 – have found them to be constitutional. *See Taherzadeh v. State*, 648 S.W.3d 681, 686 (Tex. App.—Dallas 2022,

no pet.) (finding Section 42.027 facially constitutional in light of Texas Court of Criminal Appeals decision on Section 42.07 in *Ex parte Barton*, 662 S.W.3d 876 (Tex. Crim. App. 2022), *cert. denied*, 143 S. Ct. 774 (2023)); *Griswold v. State*, 664 S.W.3d 864, 864 (Tex. Crim. App. 2022) (per curiam) (remanding case on Section 42.027 to lower appeals court in light of determination that Section 42.07 was facially constitutional in *Barton*, 662 S.W.3d 876 and *Ex parte Sanders*, 663 S.W.3d 197 (Tex. Crim. App. 2022), *cert. denied sub nom. Barton v. Texas*, 143 S. Ct. 774 (2023)).

And, even if the proposed amendment were not futile, Atkins has not shown that Section 42.072 of the Texas Penal Code is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53-54 (quoting *Watson v. Buck*, 313 U.S. 387, 402 (1941)).

So, even if the amended complaint is not dismissed, the *Younger* doctrine requires the Court to deny Atkins's request to enjoin ongoing state criminal proceedings.

**Recommendation**

The Court should deny the motions for temporary restraining order and preliminary injunction [Dkt. Nos. 1, 2]. And the Court should dismiss the complaint as to Judges Keli Aiken, Joel Littlefield, and Brett Hall as barred by judicial immunity, dismiss the complaint as to ADA Katie McVaney and ACA William Dooley as barred by prosecutorial immunity, and dismiss the complaint with prejudice as to Hoa Minh Nguyen, An Duy Lenguyen, Nathan William Gregory, Wilson Vu, and

Phan Nguyen.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 3, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE