IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY WAYNE ATKINS, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:25-cv-1673-B-BN |
| JUDGE KELI AIKEN, | § § § | |
| Defendants. | § | |

**SUPPLEMENT TO AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeremy Wayne Atkins filed a *pro se* motion for a temporary restraining order and preliminary injunction against a state district court judge to enjoin criminal proceedings against him using the Court's emergency email. *See* Dkt. No. 1. Three days later, he filed a complaint, *see* Dkt. No. 6, which was construed as an amended complaint as the initial motion filed without a complaint had been construed as his original complaint.

United States District Judge Jane J. Boyle referred this lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned entered findings of fact, conclusions of law, and recommendation ("FCR") regarding the motion for injunctive relief on July 2, 2025. *See* Dkt. No. 5. On July 3, 2025, after Atkins filed his complaint, the undersigned entered amended findings of fact, conclusions of law, and recommendation ("Amended FCR") that the Court deny the request for injunctive relief and *sua sponte* dismiss the

lawsuit. *See* Dkt. No. 13.

Atkins then filed a supplement to his amended complaint. *See* Dkt. No. 14. Because the construed original complaint was a motion for temporary restraining order, the undersigned will address the supplement even though it was filed without leave in an abundance of caution to the extent it could be construed as his one amended complaint as a matter of course.

The supplement does not affect the recommendation in the Amended FCR but purports to add information as to the relief requested, add two defendants – Hunt County and the Nail Room, and add a claim that continuing to prosecute him would constitute retaliation for filing this lawsuit. *See* Dkt. No. 14. And the undersigned enters these supplemental findings of fact, conclusions of law, and recommendation that the Court should dismiss any new claims or defendants in the supplement in addition to denying the request for injunctive relief and dismissing this lawsuit as recommended in the Amended FCR.

**Analysis**

Any claims against the Nail Room and Hunt County should be dismissed as conclusory. The Nail Room in mentioned in the amended complaint as the business of Atkins's ex-wife. *See* Dkt. No. 6 at 3. The supplement seeks damages from the business for unjust enrichment. *See* Dkt. No. 14 at 1. But any claim for unjust enrichment is conclusory at best, and as to any claims in the amended complaint that Atkins seeks to bring against the Nail Room, those claims fail against a private business for at least the same reasons discussed in the Amended FCR for the private

individuals. *See* Dkt. No. 13 at 9-11.

As to Hunt County, Atkins asserts that he seeks damages from the county "under a Monell theory of liability for customs and policies that deprived Plaintiff of court access and due process." Dkt. No. 14 at 2.

A county "cannot be held liable under § 1983 unless 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Martinez v. Nueces Cnty.*, 71 F.4th 385, 389 (5th Cir. 2023) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). A plaintiff may proceed on a *Monell* claim only by

> identify[ing] "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson v. Dall. Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021); *see also Brown v. Tarrant Cnty.*, 985 F.3d 489, 497 & n.11 (5th Cir. 2021) (noting that where a plaintiff's claim fails as to one prong, a court "need not consider whether [his] claim also fails the other two *Monell* prongs" (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010))).

Atkins's conclusory *Monell* claim does not identify the policy or custom or provide allegations that a policy maker for the county could be charged with actual or constructive knowledge of any purported policy or custom. So any claims Atkins

seeks to bring against the county fail.

And, as to Atkins's claim that continuing to prosecute him would be in retaliation for filing this lawsuit, claims for retaliation for exercising a right protected under the First Amendment like the right to petition require showing that "(1) [d]efendants were acting under color of state law; (2) [plaintiff's] ... activities were protected under the First Amendment; and (3) [plaintiff's] exercise of [his] protected right was a substantial or motivating factor in [d]efendants' actions." *Pierce v. Tex. Dep't of Criminal Justice*, 37 F.3d 1146, 1149 (5th Cir. 1994). But Atkins cannot show that any prosecution is in retaliation for or motivated by the filing of this lawsuit because the prosecution clearly began before this lawsuit was filed. So any retaliation claim is frivolous and should be dismissed.

## Recommendation

In addition to the recommendation in the Amended FCR, the Court should dismiss with prejudice any new claims and defendants in Atkins's supplement to his amended complaint [Dkt. No. 14].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 11, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE