IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY WAYNE ATKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1673-B-BN |
| | § | |
| JUDGE KELI AIKEN, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeremy Wayne Atkins filed a *pro se* filing titled "Emergency Motion for Temporary Restraining Order and Injunctive Relief Due to Retaliatory Police Harassment." *See* Dkt. No. 18.

United States District Judge Jane J. Boyle referred this lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

This case was initially opened because Atkins filed a *pro se* motion for a temporary restraining order and preliminary injunction against a state district court judge to enjoin criminal proceedings against him using the Court's emergency email. *See* Dkt. No. 1. The undersigned entered findings of fact, conclusions of law, and recommendation ("FCR") regarding his first motion for injunctive relief on July 2, 2025. *See* Dkt. No. 5.

The same day, Atkins filed a complaint, which was construed as an amended complaint and which added multiple claims and defendants. *See* Dkt. No. 6. So the

undersigned entered amended findings of fact, conclusions of law, and recommendation ("Amended FCR") that the Court deny the request for injunctive relief and *sua sponte* dismiss the lawsuit. *See* Dkt. No. 13.

Atkins then filed a supplement to his amended complaint, adding two more defendants and a claim that continuing to prosecute him would constitute retaliation for filing this lawsuit. *See* Dkt. No. 14. And the undersigned entered supplemental findings of fact, conclusions of law, and recommendation ("Supplemental FCR") that the Court should dismiss any new claims and defendants. *See* Dkt. No. 17.

Atkins has now filed this second motion for temporary restraining order asserting that local law enforcement came to his current location in Duchesne County, Utah in retaliation for filing this lawsuit. *See* Dkt. No. 18. He asks this Court to issue injunctions to control the issuance and execution of warrants relating to his pending state criminal case. *See id.* at 2.

For all the reasons set out in the Amended FCR and the Supplemental FCR, particularly the recommendations relating to Atkins's original motion for injunctive relief and Atkins's claim for retaliation, the *Younger* abstention doctrine requires the Court to deny Atkins's second request for injunctive relief.

## Recommendation

The Court should deny Atkins's motion for a temporary restraining order and injunctive relief [Dkt. No. 18].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 16, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE