IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY WAYNE ATKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1673-B-BN |
| | § | |
| JUDGE KELI AIKEN, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeremy Wayne Atkins filed a *pro se* motion for a temporary restraining order and preliminary injunction against a state district court judge to enjoin criminal proceedings against him using the Court's emergency email. *See* Dkt. No. 1. Three days later, he filed a complaint, *see* Dkt. No. 6, which was construed as an amended complaint as the initial motion filed without a complaint had been construed as his original complaint.

United States District Judge Jane J. Boyle referred this lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned entered findings of fact, conclusions of law, and recommendation ("FCR") regarding the motion for injunctive relief on July 2, 2025. *See* Dkt. No. 5. On July 3, 2025, after Atkins filed his complaint, the undersigned entered amended findings of fact, conclusions of law, and recommendation ("Amended FCR") that the Court deny the request for injunctive relief and *sua sponte* dismiss the

lawsuit. *See* Dkt. No. 13.

Atkins then filed a supplement to his amended complaint, adding two more defendants and a claim that continuing to prosecute him would constitute retaliation for filing this lawsuit. *See* Dkt. No. 14. And the undersigned entered supplemental findings of fact, conclusions of law, and recommendation ("Supplemental FCR") that the Court should dismiss any new claims and defendants. *See* Dkt. No. 17.

Atkins has now filed a motion seeking leave to file a second amended complaint. *See* Dkt. No. 24. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion for leave to amend as futile.

## Discussion

Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

One such reason is futility: "If the [pleading], as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

The futility analysis "mimics that of a motion to dismiss." *Id.* So, in a civil case, "the court must determine whether the plaintiff has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' such that he has '"state[d] a claim to relief that is plausible on its face."'" *Id.* at 388-89 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in turn, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

Atkins's proposed second amended complaint [Dkt. No. 24-1] does not resolve any of the deficiencies with the first amended complaint set out in the Amended FCR and Supplemental FCR.

So for the reasons set out in the Amended FCR and the Supplemental FCR, the motion for leave to file a second amended complaint should be denied as futile.

## Recommendation

The Court should deny Atkins's motion for leave to file a second amended complaint [Dkt. No. 24]. Further, after dismissing the case as recommended in the Amended FCR and the Supplemental FCR, the Court should enter an order directing that any future filings in this case be docketed as notices.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 17, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE