IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY WAYNE ATKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1673-B-BN |
| | § | |
| JUDGE KELI AIKEN, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeremy Wayne Atkins filed *pro se* litigation relating primarily to pending state criminal and family court actions. *See* Dkt. Nos. 1, 6, 14. And United States District Judge Jane J. Boyle referred this lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned entered findings of fact and conclusions of law recommending that the Court dismiss the complaint, deny the motions to amend as futile, and deny injunctive relief [Dkt. Nos. 13, 17, 27, 31] (the "FCRs").

Atkins filed objections. But the Court accepted the FCR and entered judgment on July 31, 2025. *See* Dkt. Nos. 68, 69.

Within 28 days, Atkins filed a motion to alter or amend judgment under Rule 59(e). *See* Dkt. Nos. 76, 77-1.

A Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 590

U.S. 504, 508 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)).

So, upon the timely filing of an initial Rule 59(e) motion, "there is no longer a final judgment to appeal from," and a district court must rule on such a motion to "restore the finality of the original judgment" and "start the 30-day appeal clock," *id.* (cleaned up), even where a litigant files that motion after noticing an appeal, *see* FED. R. APP. P. 4(a)(4)(B)(i); FED. R. APP. P. 4(a)(4)(A).[1]

The Court's "ruling on the Rule 59(e) motion" will therefore merge "with the prior determination, so that the reviewing court takes up only one judgment." *Banister*, 590 U.S. at 509 (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of

---

[1] *Compare Washington*, 2022 WL 2527665, at *1 ("Under Federal Rule of Appellate Procedure 4, the filing of a timely Rule 59(e) motion renders a notice of appeal ineffective until an order is entered disposing of the post-judgment motion. Because Washington filed objections to the district court's dismissal of his § 1983 complaint within 28 days of the entry of final judgment, those objections are properly construed as a Rule 59(e) motion. The district court has not yet ruled on Washington's Rule 59(e) motion; therefore, his notice of appeal is not yet effective, and this appeal is premature." (citations omitted)), *with Wilmington Savs. Fund Soc'y, FSB v. Myers*, 95 F.4th 981, 982 (5th Cir. 2024) (per curiam) ("Successive motions under Rule 59(e), however, 'will not indefinitely toll the prescribed period for filing a notice of appeal.' As one of our sister circuits put it, 'A party may not continue to file Rule 59(e) motions in order to forestall the time for appealing; only the first motion stops the clock.'" (citations omitted)).

correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Under these standards, Atkins fails to show a basis for this remedy. Controlling law has not changed since the Court entered judgment; he presents no newly discovered evidence that could question the correctness of the judgment; nor does he show that the Court need correct a manifest error of law or fact. Instead, his motion rehashes arguments already addressed in the FCRs and court orders relating to his request for a temporary restraining order and claims of retaliatory prosecution. *See* Dkt. No. 76 at 3. He also asserts that the Court did not address his objections, *id.*, but the Court's order accepting the FCRs reflects that it reviewed the objections and found no error, *see* Dkt. No. 68.

In sum, Atkins offers no compelling reasons to reconsider the Court's decision to dismiss his claims with prejudice. So the Court should deny the motion to alter or amend judgment under Rule 59(e).

**Recommendation**

The Court should deny Plaintiff Jeremy Wayne Atkins's motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) [Dkt. Nos. 76, 77-1], and should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE